UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AKSHAR 6, LLC, ET AL                        CIVIL ACTION NO. 09-cv-1942

VERSUS                                       JUDGE HICKS

TRAVELERS CASUALTY & SUREY              MAGISTRATE JUDGE HORNSBY
CO. OF AMERICA, ET AL

**MEMORANDUM RULING**

Three Arkansas limited liability companies ("Plaintiffs") filed suit in state court against the general contractor, several subcontractors, architect, engineer, and their various insurers (the "contractor defendants") who were involved in the construction of Plaintiffs' Hilton Garden Inn hotel in Shreveport, Louisiana.

Plaintiffs allege that the sheetrock installed in the hotel was stored outside and subjected to inclement weather, the sheetrock was not properly coated with a required sealer, and a related vinyl wall covering was not installed with the required glue. Plaintiffs further allege that a subcontractor responsible for installation of the HVAC system became involved in a contractual dispute and, in an attempt at a self-help remedy, refused to connect the electrical system to the HVAC for the interior corridors of the hotel. Plaintiffs allege that their unknowing operation of the system in that partially functioning manner caused an accumulation of moisture in guest rooms and other rooms of the hotel.

Plaintiffs allege that the sheetrock in the hotel must be removed because it has been compromised by moisture and was improperly installed. Plaintiffs also allege that the

sheetrock is covered in mold and/or mildew. They allege that more than 80 rooms in the hotel had to be closed to rental because of these problems, causing a loss of revenue.

Plaintiffs set forth in their petition claims against the contractor defendants as well as Travelers, their own insurer, which they sued for the losses caused by the contractor defendants. Plaintiffs pray for an award of damages as well as attorney fees based on Traveler's allegedly arbitrary and capricious denial of their claim.

Travelers removed the case based on an assertion of diversity of citizenship between the Arkansas Plaintiffs and Travelers, a citizen of Connecticut. Travelers alleges that the citizenship of the several contractor defendants (who are not all diverse from Plaintiffs) should be ignored because the claims against the contractor defendants and Travelers are wholly distinct and not properly joined in one civil action. Travelers, immediately upon removal, also filed a motion to sever (Doc. 2) the claims against it from the rest of the suit.

Plaintiffs filed a timely motion to remand (Doc. 24) that challenged the improper joinder plea and prayed for remand because (1) Plaintiffs are not diverse from at least one of the contractor defendants, (2) the statutory bar against removal in diversity cases by in-state defendants is applicable because some of the contractor defendants are Louisiana citizens, and (3) the rule of unanimity was violated because at least one of the contractor defendants was served prior to the removal but did not join in or consent to it.

Travelers does not dispute that those three grounds would require remand if the contractor defendants were properly joined. Travelers' response to these arguments is that

the citizenship, forum residency, and lack of joinder of the contractor defendants may be ignored because none of them were properly joined in the action against Travelers.

The traditional test for improper joinder is to ask whether the removing defendant has demonstrated that there is no reasonable basis for the court to predict the plaintiff might be able to recover against the non-diverse, in-state, or non-consenting defendant. Smallwood v. Illinois Central RR Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). That test is inapplicable here because Travelers admits in a memorandum that it "does not contend that there is no reasonable basis of recovery against the other defendants." Rather, Travelers says, the improper joinder plea in this case is based on the argument that the claims against Travelers and the claims against the contractor defendants are not properly joined under the *procedural* rules regarding joinder of defendants.

Defendants rely on a theory known as "fraudulent misjoinder" or "procedural misjoinder" that finds its roots in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996). One form of procedural misjoinder has been described as occurring when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a non-diverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. Some courts have concluded that diversity or removal is not defeated where the claim that destroys diversity or prevents removal has "no real connection with the controversy"

involving the claims that would qualify for diversity jurisdiction and removal. See In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010).

The Eleventh Circuit is the only federal appellate court to adopt procedural misjoinder, but the Fifth and Ninth Circuits have acknowledged it without expressly adopting it, and the Fifth Circuit has suggested that the doctrine is viable. See In re Prempro, 591 F.3d at 620, n.4 (collecting cases). Several district courts within the Fifth Circuit have discussed and even adopted the doctrine. An exhaustive review of such district court decisions can be found in Texas Instruments, Inc. v. City Group Global Markets, Inc., 266 F.R.D. 143 (N.D. Tex. 2010).

The Texas Instruments decision notes that courts have divided over whether the propriety of joinder should be determined by state or federal law. Louisiana law provides that two or more parties may be joined in the same suit as defendants if there is a "community of interest between the parties joined," each of the actions is within the jurisdiction of the court and in a proper venue, and all of the actions are mutually consistent and employ the same form of procedure. La.C.C.P. art. 463. Comment (c) of the article states that the "community of interest" concept refers to actions arising out of the same facts, or presenting the same factual and legal issues.

Joinder of defendants in a federal case is governed by Fed. R. Civ. Pro. 20, which provides that persons may be joined in one action as defendants if:

> (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) Any question of law or fact common to all defendants will arise in the action.

In the traditional improper joinder analysis, the court asks whether there is any reasonable possibility that the non-diverse defendant could be liable under state law. There is a similarly heavy burden in a procedural misjoinder case. Some courts have said that the allegedly misjoined parties must be "wholly distinct" and have "no real connection" to each other, such that their joinder is bordering on a sham. Other courts have said the misjoinder is sufficiently egregious to permit removal if it is grossly improper, totally unsupported, and lacks any colorable basis or if the relationship between the claims is so tenuous that they lack any palpable connection. Texas Instruments, 266 F.R.D. at 149 (reviewing cases).

The Texas Instruments decision described three types of cases in which procedural misjoinder has been claimed. The third type of case is, like this one, where a single plaintiff or a group of plaintiffs has joined multiple defendants in the same action and asserted claims against those defendants that are allegedly factually and legally unrelated. 266 F.R.D. at 149-50. Removal has been permitted in some such cases, but the overwhelming majority of those cases have been remanded "because even if the parties have been misjoined the misjoinder was not so egregious as to be improper or fraudulent." Texas Instruments, 266 F.R.D. at 152. That is because the finding of improper joinder is "reserved for a very small handful of the most extreme cases." Id.

One can make reasonable arguments that a state court judge might consider severing the claims against Travelers from those against the contractor defendants, but the undersigned does not believe that the joinder of the related claims in one action is so procedurally egregious to permit Travelers to remove itself from the state court litigation despite a facial lack of diversity of citizenship and two procedural defects in the removal. Just as there may be reasonable arguments for severance, it was also reasonable for Plaintiffs and their attorneys to decide to pursue all of their claims related to the hotel damage in one suit. Travelers argues that the claim against it will be focused on issues of coverage, but there will also be issues regarding the extent of the damage and the amount of Plaintiffs' financial losses related to the damage. The claims against the contractor, subcontractor, architect, and their insurers will each have distinct issues, but all of the claims in the lawsuit arise from the same factual circumstances, and there will be significant factual and legal overlap in all of the claims. Accordingly, whether state or federal law governs the joinder issue, the propriety of the joinder in this case was not so wrongful or egregious as to permit removal.

The undersigned finds persuasive the decision of Magistrate Judge Hill in Lundquist v. J&J Exterminating, Inc., 2008 WL 1968339 (W.D. La. 2008). The plaintiff homeowners in that case sued a contractor for damaging, during a home repair job, belongings in the home. In the midst of the repairs, Hurricane Rita came ashore, causing additional damage to the home. The homeowners sued both the contractor and their homeowner's insurer who allegedly failed to properly adjust the claims resulting from the hurricane damage. Judge Hill

observed that there was an overall injury, for which each defendant may have some degree of liability, so it made perfect sense that the allocation be made in a single lawsuit in a single forum. If there were any misjoinder, it was "mere misjoinder" and not the egregious brand of misjoinder required to trigger the doctrine. The same is true in this case.

Travelers cites Berthelot v. Boh Brothers Construction Co., LLC, 2006 WL 1984661 (E.D. La. 2006), Defourneaux v. Metropolitan Property & Casualty, 2006 WL 2524165 (E.D. La. 2006), and Savoie v. Safeco Ins. Co., 2007 WL 675304 (E.D. La. 2007) to support its position. All three cases arose in the wake of Hurricane Katrina. Savoie held that it was improper to join the homeowner's insurer who was sued for hurricane damages with a claim against a contractor who was accused of making negligent repairs after the storm. Defourneaux and Berthelot involved claims against homeowner's insurers joined with claims against government bodies responsible for maintaining flood control systems in the city. Those decisions are factually distinct from this setting. In any event, they are not controlling and, like Lundquist, serve only as persuasive authority.

The undersigned is persuaded that Lundquist, Texas Instruments, and In re Prempro suggest the better course of applying a demanding standard to the removing defendant who invokes this doctrine. Since Tapscott, defendants have often invoked the improper joinder doctrine and aggressively removed cases in which there is no diversity jurisdiction. The joinder rules are general and broad, intended to promote judicial economy by trying all reasonably related claims in one case before one court. A federal court should be hesitant

to wade into a multi-defendant case filed in a state court, decide that the joinder of a diverse defendant was incorrect under state or federal rules, and split the case into two proceedings that will then burden two court systems with related claims that may even give rise to inconsistent decisions. A diverse defendant in such a state case should, rather than immediately remove the case and ask the federal court to assess the propriety of joinder, file in the state court a motion to sever. If the joinder is as wrong as the diverse defendant asserts, the state court will sever that defendant into its own case, which he may then remove if he acts within the one-year limit on removal of diversity cases.

For the reasons stated above, the **Motion to Remand (Doc. 24)** will be **granted**, subject to a stay set forth in the accompanying order. Travelers filed a related Motion to Sever (Doc. 2) that rests on the same improper joinder issues addressed in the Motion to Remand. The court has considered all of the briefs related to the Motion to Sever in connection with its assessment of the Motion to Remand. For the same reasons stated above, the **Motion to Sever (Doc. 2)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of June, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE